MATTER OF MACK KITCHENS, ALIAS HERBERT ABBOTT, PETITIONER, *v.* F. O. BURRELL, WARDEN OF THE MONTANA STATE PRISON, DEER LODGE, MONTANA, RESPONDENT.

No. 9520.
Decided December 10, 1955.
290 Pac. (2d) 1099.

Mack Kitchens, pro se, Michael J. Whalen, Billings, argued orally for petitioner.

PER CURIAM.

This is an original proceeding here commenced by Mack Kitchens, a layman, acting for himself and without counsel, which on return of the writ of habeas corpus allowed by this court was heard on the same date as was Kitchens' appeal No. 9539, State v. Kitchens, 129 Mont. 331, 286 Pac. (2d) 1079.

By information filed August 6, 1954, in the District Court of Yellowstone County, Montana, the petitioner Mack Kitchens, charged by the information to be sometimes known as Herbert Abbot, was accused of the crime of forging the name of C. J. Hanson to a $20 Bank of America traveller's cheque.

By a jury's verdict Kitchens was found guilty of the offense and by judgment rendered and entered December 3, 1954, he was sentenced and that day committed to and received at the Montana state prison to serve a term of five years at hard labor.

In January 1955 and while an inmate of the state prison, Kitchens, without the aid or benefit of any attorney or counselor at law, with pen and ink printed and caused to be filed in the office of the clerk of this court his application for a writ of habeas corpus.

Thereafter Kitchens, again without the assistance of any counsel, with pen and ink printed and caused to be filed in the office of the clerk of this court his memorandum of authorities in support of his aforesaid petition.

At his trial in the District Court of Yellowstone County Kitchens was represented by a court-appointed attorney who on March 18, 1955, caused to be filed in this court a transcript on appeal from the judgment of conviction so entered against Kitchens, being appeal No. 9589.

The return on the writ of habeas corpus allowed in this orig-

inal proceeding No. 9520 and the arguments of the attorney general and of Kitchens' court-appointed counsel handling petitioner's appeal No. 9539, were heard on one and the same day.

On August 5, 1955, the majority opinion of this court determining the appeal No. 9539 ordered the judgment of conviction reversed and on August 18, 1955, remittitur duly issued. See State v. Kitchens, 129 Mont. 331, 286 Pac. (2d) 1079.

No action having been taken by the county officials of Yellowstone County following the issuance of the above remittitur and it appearing that Kitchens continued to be held and confined in the state prison under the reversed judgment and the commitment issued thereon, Kitchens petitioned this court for and was allowed another writ· of habeas corpus following which and after hearing had this court ordered that the warden of the state prison promptly deliver Kitchens into the custody of the sheriff of Yellowstone County to be there dealt with as directed in the majority opinion theretofore pronounced on appeal No. 9539. See Application of Kitchens, 129 Mont. 418, 288 Pac. (2d) 1094.

It now appears that the warden of the state prison complied with this court's order by delivering Mack Kitchens so committed to his keeping under the name of Herbert Abbott, to the sheriff of Yellowstone County, that the petitioner Kitchens is no longer held or restrained in the state prison or by the warden thereof and that Kitchens is now in Yellowstone County, Montana, and there detained by the sheriff of said county awaiting further action in and by the district court of Yellowstone County.

Now therefore and by reason of the foregoing facts, conditions and circumstances, it is hereby ordered that this original proceeding, supreme court No. 9520 be and it is dismissed without prejudice.